IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN MCINTOSH<br>3 Wren Street<br>Johnstown, PA 15904 | : : : : | |
| Plaintiff, | : : | JURY DEMANDED |
| v. | : : | CASE NO.   3:21-cv-169 |
| LOCKHHED MARTIN<br>211 Industrial Park Road<br>Johnstown, PA 15904 | : : : : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

And now Plaintiff, Brian Mcintosh, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101) (the "ADA") have been violated and avers as follows:

### I. PARTIES

1. Plaintiff, Brian Mcintosh, hereinafter ("Plaintiff" or "Mcintosh"), is an adult individual residing at 3 Wren Street, Johnstown, PA 15904.

2. Defendant, Lockheed Martin, hereinafter ("Defendant") is a global security and aerospace company with headquarters located at 6801 Rockledge Drive, Bethesda, Maryland 20817.

3. Defendant owns and operates a facility located at 211 Industrial Park Road, Johnstown, PA 15904, where Plaintiff was employed.

4. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5. Defendant is liable for the actions of its agents, servants and employees performed within the course of their employment through the doctrine of Respondeat Superior.

## II. JURISDICTION

6. This civil action for disability harassment, discrimination, and retaliation is instituted pursuant to the Americans with Disabilities Act ("ADA").

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

8. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission).

## III. FACTS

9. On or about September 15, 1997, Defendant hired Plaintiff as a Machinist. Mcintosh performed all of his duties without complaints or issues.

10. At all times relevant, Defendant was aware Plaintiff was diagnosed and suffered from Post-Traumatic Stress Disorder ("PTSD") arising from his combat military service in Iraq,

11. Plaintiff's diagnosis is a recognized qualified disability under the Americans with Disabilities Act ("ADA").

12. Plaintiff's PTSD substantially limited the following major life activities: caring for himself, learning and working.

13. Plaintiff was a qualified individual and a loyal and competent employee of the Defendant company for over twenty (20) years.

14. Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodations.

15. In March 2019, Pennsylvania issued and Order requiring everyone to wear a mask due to the outbreak of the Covid-19 Pandemic.

16. When the Order was issued, Plaintiff immediately informed Defendant's Human Resources Director, Patrick McCann, that he would not be able to wear a mask over his face due to his PTSD.

17. Mr. McCann acknowledged Plaintiff's concerns and stated he "understood".

18. On or about April 21, 2020, Plaintiff was harassed by Plant Lead, Wayne Davis for not wearing a mask.

19. Plaintiff complained to Mr. McCann about the harassment and was sent home for the day with pay.

20. On or about April 22, 2020, Plaintiff returned to work with paperwork from his doctor confirming his PTSD diagnosis. In spite of the documents, Plaintiff was harassed by Mr. Davis for not wearing a mask and sent home for the day by Mr. McCann.

21. On or about May 1, 2020, Plaintiff informed Mr. Davis that his PTSD was a recognized medical condition and per Governor Wolfe's directive, Plaintiff was exempt from wearing a mask. However, in spite of Plaintiff's medical diagnosis, Mr. Davis continued to harass and belittle Plaintiff.

22. Mr. Davis told Plaintiff, "this is all in your head … you're just saying this to get out of wearing a mask." Plaintiff stated to Davis that his continued insistence on pushing Plaintiff to wear a mask was a clear violation of his civil rights to which Mr. Davis replied "we'll see you in court".

23. The incidents that Plaintiff experienced at Defendant's job site were triggering to his diagnosis of PTSD.

24. On or about May 4, 2020, Plaintiff worked his normal ten (10) hour shift without a mask and without issue.

25. The next day, May 5, 2020, Plaintiff was informed that he was suspended indefinitely.

26. The acts of Defendant in discriminating and retaliating against Plaintiff due to his PTSD, caused an exacerbation of Plaintiff's condition and led to him attempting to commit suicide.

27. Due to Plaintiff's continuing emotional distress, he was forced to resign his position with Defendant on or around September 11, 2020.

### IV. CAUSES OF ACTION

**COUNT I**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION**
**(42 .S.C.A. § 12101 *et seq*.)**

28. Plaintiff incorporates paragraphs 1-27 as if fully set forth at length herein.

29. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., an employer may not discriminate against an employee based on a disability.

30. As a result of his medical condition, Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

31. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

32. At all times material hereto, Plaintiff had a qualified disability, as described above.

33. Based on the foregoing, Plaintiff alleges that Defendants violated the ADA by subjecting him to discrimination on the basis of his actual and/or perceived disabilities and/or records of impairment.

34. Plaintiff was subject to a hostile work environment due to his disability.

35. Plaintiff had to endure pervasive and regular harassment from his supervisor and co-workers when he was harassed by his supervisor Mr. Davis and was ostracized by his coworkers, due to his disability.

36. Plaintiff endured the offensive conduct because he had no choice in that he needed to keep his job to support his family.

37. The harassment suffered by Plaintiff by his managers and co-workers detrimentally affected him in that, among other things, he suffered embarrassment, humiliation, emotional distress, and disruption to his life because of Defendants actions.

38. The harassment by his supervisors would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

39. Defendant knew or should have known of the harassment as Plaintiff complained about it to Defendant, yet they failed to take prompt, meaningful, remedial action.

40. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

41. Defendant failed to engage in an interactive discussion of Plaintiff's disability and failed to reasonably accommodate his disability.

42. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

44. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

45. Plaintiff demands attorneys' fees and court costs.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
## (42 U.S.C.A. § 12101 *et seq*.)

46. Plaintiff incorporates paragraphs 1-45 as if fully set forth at length herein.

47. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., an employer may not retaliate against an employee based upon him exercising his rights under the Americans with Disabilities Act.

48. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

49. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

50. As set forth above, Plaintiff engaged in protected activity when he requested accommodations for his qualified disability.

51. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

52. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

53. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

54. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

55. Plaintiff demands attorneys' fees and court costs.

## V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Brian Mcintosh demands judgement in his favor and against Defendant, Lockheed Martin, in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Treble damages;

C. Attorney's fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

Date: August 12, 2021                     **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:   */s/ Mary LeMieux-Fillery*
**Mary LeMieux-Fillery, Esquire (PA ID: 312785)**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: 267-546-0132
Telefax: 215-944-6124
Email: maryf@ericshore.com
*Attorney for Plaintiff, Brian Mcintosh*

## **VERIFICATION**

I, Brian Mcintosh, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Date: 09/03/2021              BY: *[electronically signed]* 2021-09-04 01:50:00 UTC - 207.255.45.169
AssureSign® 4570c4c0-99db-4e41-b210-ad980156c45f
Brian Mcintosh

# EXHIBIT "A"